**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Daniel Gross, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| vs. | ) |
| | ) |
| NCO Financial Systems, Inc., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**JURY TRIAL DEMANDED**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4. Plaintiff Daniel Gross (hereinafter "Plaintiff"), is a natural person residing in the County of Le Sueur, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "Defendant National"), is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to November 2007, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. Plaintiff received a letter dated May 8, 2008 from Defendant. Defendant offered a lump sum settlement in the amount of $81.65.

9. Plaintiff sent a payment in the amount of $81.65 as acceptance of Defendant's settlement offer contained in its May 8, 2008 letter. Upon information and belief, Defendant received the settlement payment on May 19, 2009.

10. Upon information and belief, on July 11, 2008 Plaintiff received a letter from Defendant stating there was a balance on the account, in the amount of $122.47. The letter also stated that Defendant was willing to settle the claim for thirty-five percent (35%) off of the alleged $122.47.

11. On July 10, 2008, Plaintiff sent a dispute letter to NCO Financial demanding that Defendant correct its records and issue corrections to the credit bureaus.

12. On October 17, 2008, Plaintiff received a letter from Defendant stating the account had been closed and settled.

13. Upon information and belief, in November of 2008 Plaintiff requested a Credit Report. The Credit Report failed to list that the NCO Financial debt had been disputed and instead reflected a balance owing of two hundred and four dollars ($204). In addition, the payment status was not listed as disputed.

14. The conduct of Defendant as more fully described herein is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692e(8), and 1692f amongst others.

## Respondeat Superior Liability

15. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

16. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

17. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

18. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not

limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

19. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

21. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

23. As a result of Defendant's foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

24. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

25. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

26. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

27. actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

28. such other and further relief as may be just and proper.

Dated:  June 3, 2009            **SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**

                      s/ Mark L. Vavreck                                            .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:   (612) 659-9220
mark@smgvlaw.com

**ATTORNEY FOR PLAINTIFF**